UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY CAVE,
on behalf of himself
and all others similarly situated,

    Plaintiff,               Case No. 13-10838
                              HON. GERSHWIN A. DRAIN

vs.


SENTRY CREDIT, INC.,

    Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT [#9] AND CANCELLING MAY 7, 2013 HEARING**

**I.    INTRODUCTION**

Presently before the court is Defendant's Motion to Set Aside Clerk's Entry of Default. Upon review of the Complaint, Motion to Set Aside Clerk's Entry of Default, and Response the Court concludes that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the pending Motion on the briefs and cancels the hearing scheduled for May 7, 2013. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow Defendant's Motion is GRANTED.

**II.    PROCEDURAL AND FACTUAL HISTORY**

Plaintiff filed the Complaint on March 1, 2013, alleging that Defendant violated the

Fair Debt Collection Practices Act. Defendant is a foreign corporation with its principal place of business in Washington. The resident agent of Defendant was served with Plaintiff's Summons and Complaint on March 1, 2013. Though Defendant's Answer was due on March 22, 2013, Defendant failed to respond at that time. Plaintiff requested Clerk's Entry of Default on March 27, 2013, which the Clerk granted on March 29, 2013. After receiving notice of the case on April 3, 2013, Defendant's counsel entered a Notice of Appearance and filed the current motion on April 4, 2013. Plaintiff responded on April 15, arguing that since there is no meritorious defense the motion should be denied.

### III. LAW AND ANALYSIS

#### *1. Standard of Review*

Federal Rule of Civil Procedure 55(c) allows for an entry of default to be set aside for good cause. FED R. CIV. P. 55(c). "In determining whether 'good cause' exists, courts consider: (1) whether culpable conduct of the defendant led to the default; (2) whether the defendant has a meritorious defense; and (3) whether the plaintiff will be prejudiced." *Mertik Maxitrol Gmbh & Co. Kg v. Honeywell Technologies Sarl*, 10-12257, 2011 WL 3714634 (E.D. Mich. Aug. 24, 2011) (citing *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010). Though all three factors are considered, when defendant has presented a meritorious defense and plaintiff fails to demonstrate prejudice, it is an abuse of discretion to deny a Rule 55(c) motion absent culpable conduct. *See Kaufman Payton & Chapa, P.C. v. Bilanzich*, 11-15563, 2013 WL 1278192, *2 (E.D. Mich. Mar. 27, 2013).

Examining these factors, this Court finds that Defendant's motion should be granted.

First, there is no "culpable conduct" by Defendant. The delay appears to be accidental rather than an attempt to "thwart judicial proceedings" or display a "reckless disregard for the effect of its conduct on those proceedings." *Id.* Once defense counsel learned of the suit he promptly filed a notice of appearance and contacted Plaintiff's counsel about resolution of the entry of default. While the fact that Defendant is an out-of-state corporation does not excuse their tardy answer, the transfer from the resident agent to Defendant at least provides a reason for their delayed response.

As to the second factor, Defendant asserts that it has a meritorious defense, yet no detail is offered about what that defense is. Third, Plaintiff has made no attempt to demonstrate prejudice suffered by Defendant's delay in responding, nor does this Court find any. Defendant was only two weeks late in responding to the Complaint and "[w]here a defendant files an entry of appearance and an answer shortly after learning that default had been entered, the delay is not lengthy and there is no pattern of disregard for court orders or rules." *Id.*

Even though Defendant has failed to provide detail about its meritorious defense, the other two factors weigh heavily in Defendant's favor. The delay in responding was not purposeful and Plaintiff suffered no prejudice from it. As such, this Court finds that the entry of default should be set aside.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Set Aside Clerk's Entry of Default [#9] is GRANTED and the CLERK'S ENTRY OF DEFAULT [#7] is SET ASIDE.

Defendant shall respond to Plaintiff's Complaint <u>no later than May 15, 2013</u>.

SO ORDERED.

Dated: May 1, 2013

            <u>S/Gershwin A. Drain</u>
            GERSHWIN A. DRAIN
            UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 1, 2013, by electronic and/or ordinary mail.

<u>S/Tanya Bankston</u>
Deputy Clerk